```
                 UNITED STATES DISTRICT COURT FOR THE
                       DISTRICT OF NEW HAMPSHIRE
```

Walter Norton

    v.                                      Civil No. 06-cv-282-JD
                                                  Opinion No. 2007 DNH 113

United States of America


O R D E R

      This case was remanded from the Court of Appeals to consider whether the petitioner was denied his right of direct appeal due to ineffective assistance of counsel. An evidentiary hearing was held at which the petitioner and his former counsel, James Gleason, testified.

      The court finds the testimony of Mr. Gleason to be credible. He spent a significant amount of time with the petitioner and his mother preparing for trial and for sentencing. He thoroughly reviewed the various sentencing options with the probation officer and fully explored the career offender issue and whether there was a way to extricate the petitioner from that status. He concluded that the petitioner was a career offender. The petitioner and his mother were kept fully informed of this issue throughout the case. Mr. Gleason also discussed the petitioner's right of appeal with him on several occasions and again just prior to the sentencing hearing.

At the sentencing hearing, Mr. Gleason argued persuasively on the petitioner's behalf.  The petitioner received a very favorable sentence which was well below the guideline range he was facing and the government's recommendation.  The court advised the petitioner of his right to appeal.

After sentencing, Mr. Gleason asked leave of the marshals to speak with the petitioner.  The petitioner asked him if he had the right to appeal and Mr. Gleason assured him that he did as they had previously discussed.  Mr. Gleason went as far as to say "you can appeal anything".  In response, the petitioner asked if he had anything to appeal and Mr. Gleason asked him what he thought, in light of the favorable sentence he received, and asked him directly if he wanted to appeal, to which the petitioner replied no.  Mr. Gleason added that if the petitioner changed his mind he should let him know right away because of the ten-day deadline.  Mr. Gleason reiterated to the petitioner's mother their conversation, told her about his right to appeal within ten days and gave her his opinion.  Neither the petitioner nor his mother asked Mr. Gleason to file an appeal.  Mr. Gleason did tell them that if the law changed and a legitimate challenge could be raised to the career offender category he would follow through.

Subsequent to the sentencing, letters were exchanged between the petitioner and Mr. Gleason (see Exhibits A, B, and C).  The upshot of the exchange was that the petitioner wanted to appeal if there were any issues that could be appealed, otherwise not.  In Mr. Gleason's opinion there were none and there the matter ended.

"To prove ineffective assistance of counsel, a defendant must show that 'counsel's representation fell below an objective standard of reasonableness,' and that 'the deficient performance prejudiced his defense.'"  <u>Owens v. United States</u>, 483 F.3d 48, 57 (1st cir. 2007) (quoting <u>Strickland v. Washington</u>, 466 U.S. 668, 687-88 (1984)).  Deficient performance means that counsel's representation fell below "the broad norms of professional competence."  <u>Owens</u>, 483 F.3d at 57.  Prejudice requires proof that "but for counsel's deficient performance, there is a reasonable probability that the outcome would have been different."  <u>Id.</u> at 58.

In the context of ineffective assistance of counsel claims based on counsel's failure to file a direct appeal, the Supreme Court has modified the standard somewhat.  "We have long held that a lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable."  <u>Roe v. Flores Ortega</u>, 528 U.S.

470, 477 (2000).  Conversely, if the defendant explicitly refuses an appeal after appropriate consultation, counsel is not deficient for failing to file an unwanted appeal.  Id.  If the defendant does not specifically request an appeal nor reject appeal, counsel is obligated to consult with his client about the advantages and disadvantages of filing an appeal.  Id. at 478.  Failure to consult with the client about an appeal is not always constitutionally unreasonable, however, because the court's instructions may be sufficiently clear to notify the defendant of his right to appeal or other circumstances may make consultation unnecessary.  Id. at 479.  The duty to consult exists "when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing."  Id. at 480.

Failure to file a requested appeal is per se ineffective assistance of counsel without a showing of prejudice.  See, e.g., Strong v. Johnson, ___ F.3d ___, 2007 WL 2080588 at *7 (4th Cir. July 23, 2007); Watson v. United States, 493 F.3d 960, 962 (8th Cir. 2007); United States v. Tapp, 491 F.3d 263, 265 (5th Cir. 2007).  Because failure to file an appeal deprives a defendant of counsel altogether at a critical phase and precluded the appeal,

no presumption of reliability can be accorded to a proceeding that never occurred.  Roe, 528 U.S. at 483.  Therefore, prejudice occurs if:  "but for counsel's deficient performance, [the defendant] would have appealed."  Id. at 484.  That means, "a defendant must demonstrate that there is a reasonable probability that, but for counsel's deficient failure to consult with him about an appeal, he would have timely appealed."  Id.  If that is proven, prejudice is presumed.

Mr. Gleason spoke directly with the petitioner about his right to appeal before the sentencing and after the sentencing. After sentencing Mr. Gleason consulted with the petitioner about his right to appeal and about whether there was anything to appeal.  He gave the petitioner his opinion that there was nothing to appeal.  He reiterated that opinion in the exchange of letters between Mr. Gleason and the petitioner.  The petitioner acquiesced in that opinion.

The court rules that the petitioner was not denied his right of direct appeal due to the ineffective assistance of counsel. Counsel effectively represented the petitioner in advising him on a number of occasions of his right to appeal, in consulting with him about that right in the context of his case, and in giving

him his opinion that there were no issues to appeal, in which opinion the petitioner acquiesced.

    SO ORDERED.

                                            Joseph A. DiClerico, Jr.
                                            United States District Judge

September 13, 2007

cc:  Jorel V. Booker, Esquire
     Aixa Maldonado-Quinones, Esquire